**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**In Re: P.S., T.S., and S.S.**

**No. 13-0295** (Barbour County 11, JA-37, 11-JA-38, and 11-JA-39)

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Father filed this appeal, by counsel Roger D. Curry, from the Circuit Court of Barbour County, which terminated his parental rights to child S.S. by order entered on February 25, 2013.[1] The guardian ad litem for the child, Karen Hill Johnson, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee A. Niezgoda, has also filed a response in support of the circuit court's order. Petitioner contends that the circuit court should have terminated his custodial rights only, not his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2011, the DHHR filed its petition initiating this abuse and neglect case. The petition alleged that a domestic dispute occurred between petitioner and the child's mother on October 11, 2011. Both parents waived their rights to a preliminary hearing and, at adjudication, each stipulated to daily drug use and to their history of domestic violence. The circuit court granted both parents six-month improvement periods and placed child S.S. with petitioner's father. In August of 2012, each parent pled guilty to one count of possession with the intent to manufacture a controlled substance. Following the dispositional hearing in October of 2012, the circuit court terminated petitioner's parental rights to S.S. and maintained S.S.'s placement with his paternal grandfather. Petitioner now appeals.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

---

[1] Petitioner is the biological father of S.S. only. P.S. and T.S. are S.S.'s half-siblings and have different fathers.

[2] Petitioner's counsel, Roger D. Curry, provides in his appellate brief that, at the time the petition for appeal was filed, petitioner's whereabouts were unknown.

1

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner's sole argument on appeal is that the circuit court improperly ordered termination of his parental rights, rather than terminating only his custodial rights. Petitioner concedes that he is currently unable to care for S.S., but contends that there would have been no danger to the child if the circuit court had refrained from permanently terminating petitioner's parental rights to S.S. Petitioner highlights that S.S. is in the care and physical custody of his grandfather. He argues that if he is later able to rehabilitate himself and reenter the community, termination of his custodial rights only would allow him to possibly once again parent S.S. Petitioner asserts that the child would not be harmed by "waiting some period of time" in hopes of family restoration.

Upon our review of the record, we find no error or abuse or discretion in the termination of petitioner's parental rights. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, -- W.Va. --, 743 S.E.2d 352 (2013). The record supports the circuit court's thorough findings concerning petitioner's unwillingness and inability to conquer his drug addiction. Additionally, at the time this appeal was filed, petitioner's counsel provided that petitioner's whereabouts were unknown, leaving doubt that petitioner intends to improve his circumstances with S.S. The record and the circuit court's findings support its conclusions that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings. Our review of the record does not provide support for anything short of the terminating petitioner's parental rights to warrant overturning the circuit court.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  October 1, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II